UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE DORN-KERRI <br><br> Plaintiff, <br> v. <br> SOUTH WEST CANCER CARE <br><br> Defendants. | Civil No. 06cv1754 (NLS) <br><br> **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> [Doc. No. 42] [Doc. No. 43] |

Plaintiff filed her complaint against South West Cancer Care on August 29, 2006. [Doc. No. 1]. At that time, Plaintiff also filed motions with the court to proceed *in forma pauperis* and for appointment of counsel. [Doc. No. 2, 3]. On December 15, 2006, Plaintiff's motions were denied. [Doc. No. 5]. On June 17, 2008 Plaintiff executed a Consent to Jurisdiction by a United States Magistrate Judge [Doc. No. 26] and all further proceedings were conducted by the undersigned Judge.  On December 16, 2008, this court granted Summary Judgment in favor of the Defendant. [Doc. No. 40]. Plaintiff is appealing the judgment granting Summary Judgment. [Doc. No. 41]. Plaintiff also has moved for to leave to proceed *in forma pauperis* and for appointment of counsel.

The Motion to Proceed In Forma Pauperis

Plaintiff moves for leave to proceed without prepayment of fees pursuant to 28 U.S.C.§ 1915. Under F.R.A.P. Rule 24, district courts retain jurisdiction to grant or deny motions to proceed *in forma pauperis*.  Plaintiff declares that she is currently employed part-time yet has a total family income of

approximately $4,064 per month. [Doc. No. 43]. The Plaintiff's total monthly expenses are $3,505. [Doc. No. 43]. Given that the total monthly expenses are less than the total monthly family income, the Court denies Plaintiff's request to proceed *in forma pauperis.*

Appointment of Counsel

Plaintiff has also moved for appointment of counsel to assist her in prosecuting her wrongful termination claim. [Doc. No. 42]. The Constitution provides no right to appointment of counsel in a civil case. *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915 (e)(1) and 42 U.S.C. §2000e(5)(f)(1), district courts are granted jurisdiction to appoint counsel under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of the 'likelihood of success on the merits and the ability of the plaintiff to articulate [his or her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of her case, the legal issues involved, and is able to adequately articulate the basis of her claims. In motions submitted to the court, the Plaintiff clearly articulates the contours of her claim. Accordingly, and for good cause, the Court denies Plaintiff's request for appointment of counsel.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's motion to proceed *in forma pauperis* is Denied; and

2. Plaintiff's motion for appointment of counsel is Denied.

**IT IS SO ORDERED**

DATED: March 9, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court